UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA

            -against-                         NOTICE OF MOTION
                                                  06 CR 1006 (KMK)

ANGELA HUANG, et al.,

            Defendants.

-------------------------------------------------X

      PLEASE TAKE NOTICE that, upon the annexed affirmation of Joel M. Stein, Esq., dated the          day of February, 2007 and the accompanying exhibits and memorandum of law, the defendant FUYIN HUANG will move this Court, before the Honorable Kenneth M. Karas, Judge of the United States District Court, Southern District of New York, at the courthouse located at 500 Pearl Street, New York, New York, for an order, pursuant to R.12(b)(3)(c), F.R.Cr.P., suppressing physical evidence consisting of a bag containing, inter alia, items of personal property, which was seized on July 26, 2006, from the A&B Trading Co., located at 146 West 29th St., New York, NY on the ground that it was obtained in violation of the defendant's Fourth Amendment constitutional rights; or, alternatively, the defendant requests that the Court conduct an evidentiary hearing to resolve any factual issues concerning the defendant's application, and for such other and further relief as maybe be just and proper.

Dated: New York, NY                             Yours, etc.
       February 16, 2007

       To: Michael Garcia
       U.S. Attorney, SDNY
       By: AUSA Steve Lee                             _____
                                                                 Joel M. Stein, Esq. #2385
                                                                  Counsel to defendant
       Clerk of the Court (KMK)              Fuyin Huang
       United States District Court            3 New York Plaza -10th floor
       Southern District of New York          New York, NY  10004
                                                                 (212) 344-8008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
UNITED STATES OF AMERICA

          -against-                            AFFIRMATION
                                                  06 CR 1006 (KMK)

ANGELA HUANG, et al.,

          Defendants.

------------------------------------------------X

      JOEL M. STEIN, ESQ., being an attorney duly admitted to practice law in this Court and in the Courts of the State of New York, hereby affirms under penalty of perjury:

1. I am counsel for the defendant FUYIN HUANG in the above-captioned matter, and as such I am fully familiar with the facts and circumstances thereof.

2. This affirmation is submitted in support of the defendant's application for an order to suppress physical evidence consisting of a bag containing U.S. currency and items of personal property, seized on July 26, 2006 from the A&B Trading, located at 146 West 29th Street, New York, NY, on the ground that it was obtained in violation of the defendant's constitutional rights under the Fourth Amendment.

3. This affirmation is based upon discovery materials provided by the government pursuant to its obligations under R.16, F.R.Cr.P. (Ex. A), and the defendant's affidavit, dated January 18, 2007 (Ex. B).

4. On July 26, 2006, the defendant and two others were arrested at A&B Trading, Inc., 146 West 29th Street, New York, NY, and charged with violation of 18 U.S.C. § 2320, which prohibits trafficking in counterfeit goods and services.

5. The premises have at least two floors. The first floor includes space where retail customers can purchase merchandise such as handbags which

purportedly resemble designer items, and where the defendant was employed as a salesperson.

6. The defendant owned a bag which appears to be a knapsack and in which he kept his personal items. No one else had access to its contents or permission or authority to open it and remove its contents. It is clearly not the kind of bag which is the subject of this prosecution.

7. While the defendant was at work at A&B Trading in July 26, 2007, he put aside his bag on the first floor.

8. The defendant did not consent to its seizure or the search and removal of its contents.

9. The government claims that one of the other individuals who was also arrested on July 26, 2006, Bouhari Adoyi, a co-defendant charged in the instant indictment, consented to a search of the location, although a search warrant was obtained for the second floor.

10. The defendant is a light-skinned Chinese male, Mr. Adoyi is a dark-skinned African male.

11. Among the items of personal property contained in the defendant's bag is his driver's license which contains his photograph on the face of it.

12. For the reasons stated in defendant's accompanying memorandum of law, the third party consent purportedly given by Bouhari Adoyi was not effective to allow the federal agents arresting the defendants to seize Mr. Huang's bag, search it and seize its contents.

13. Because the warrantless seizure of the defendant's bag and its contents was effected without proper consent or other legal basis, they were unlawfully obtained in violation of his constitutional rights under the Fourth Amendment and are inadmissible in evidence.

14. To the extent applicable to him, the defendant requests permission to join an application of Mr. Adoyi which seeks suppression of items seized from the first floor of the location.

WHEREFORE, it is respectfully requested that the relief sought herein be granted with such other and further relief as may be just and proper.

Dated: New York, NY                                    Yours, etc.
       February 16, 2007


                                                       _____
                                                       Joel M. Stein, Esq.

| CERTIFIED INVENTORY OF EVIDENCE | | | | SERIAL NUMBER ██████████ | |
|---|---|---|---|---|---|
| EVIDENCE HELD AGAINST ☐ SPECIMEN | | | | CASE NO. ██████████ | |
| HUANG,A./HUANG,F./ADOYI,B. | | | | OFFICE NEW YORK FIELD OFFICE | |
| EVIDENCE INVENTORIED BY | | | | DATE OF INVENTORY 07/26/06 | PAGE 1 OF 2 PAGES |
| RANDALL FLINT  7/26/06 SIGNATURE - SPECIAL AGENT    DATE | | | | REVIEWING SUPERVISOR | |
| SARAH CANTWIL  7/26/06 SIGNATURE - WITNESS    DATE | | | | PABLO A. MARTINEZ  7-26-06 SIGNATURE    DATE | |
| | | | | I certify the evidence described in the page(s) of this inventory, not otherwise disposed of per attached documentations, was verified for final retention at Forensic Services Division this date. | |
| | | | | SIGNATURE - FORENSIC SERVICES DIVISION    DATE | |
| ITEM NO. | DATE RECEIVED | QUANTITY | DESCRIPTION OF EVIDENCE | | VALUE |
| | | | ITEMS #1-9 WERE SEIZED FROM A&B TRADING INC., 146B WEST 29TH STREET, NEW YORK, NY. AFTER A CONSENT SEARCH FOR THIS LOCATION WAS GRANTED BY DEFENDANT ADOYI. ITEMS INITIALED AND DATED FOR IDENTIFICATION "RF 07/26/06" BY RANDALL FLINT. | | |
| 1 | 07/26/06 | 1 | BAG CONTAINING $1250 IN CASH. ONE LEATHER WALLET, NY STATE DRIVER'S LICENSE IN THE NAME OF HUANG, FU JIN, GREEN ADDRESS BOOK, BUSINESS CARDS. | | NO VALUE |
| 2 | 07/26/06 | 1 | BAG CONTAINING $1000. CASH, PINK HAND BAG. | | NO VALUE |
| 3 | 07/26/06 | 1 | BAG CONTAINING $30 IN $1 (ONE) BILLS | | NO VALUE |
| | | | | TOTAL ➤ | NO VALUE |

UNITED STATES SECRET SERVICE    This form was electronically produced via OmniForm by USSS/ADMIN/MNO/PARS    SSF 1544 (03/86)

FINAL BM

— A —

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA

    -against-                    AFFIDAVIT
                                    06 CR 1006 (KMK)

ANGELA HUANG, et al.,

    Defendants.

-------------------------------------------------X

    FUYIN HUANG, being duly sworn, hereby deposes and states under penalty of perjury:

1. I am a defendant in the above-captioned matter.
2. This affidavit is submitted in support of my request that the Court enter an order suppressing physical evidence consisting of a bag containing various items of personal property, including my wallet, driver's license, business cards and a telephone book, as well as U.S. currency.
3. On July 26, 2006 I was employed as a salesperson at the A&B Trading Co., located at 146 West 29th Street, New York, NY. My work as a salesperson was on the first floor of the premises.
4. While at work that day, I had my bag which contained the property described above and which I had set aside while I worked.
5. No one else had access to my bag or had permission to examine or remove its contents.
6. I did not consent to a search of my bag, or to the examination of and seizure of its contents.
7. This affidavit has been translated for me into Chinese by an interpreter assisting my attorney.

Sworn to on the
18th day of January, 2007

JOEL M. STEIN
Notary Public, State of New York
No. 24-4672474
Qualified in Kings County
Commission Expires Aug. 31, 2010

                                                      Fuyin Huang

—B—

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
UNITED STATES OF AMERICA

          -against-                       MEMORANDUM OF LAW
                                              IN SUPPORT OF
                                              DEFENDANT'S MOTION
                                              TO SUPPRESS
                                              06 CR 1006 (KMK)

ANGELA HUANG, et al.,

          Defendants.

------------------------------------------------X

## PRELIMINARY STATEMENT

      This memorandum of law is submitted in support of defendant Fuyin Huang's motion to suppress physical evidence consisting of a bag containing various items of personal property and U.S. currency which were seized on July 26, 2006 from the first floor of the A&B Trading Co., located at 146 West 29th Street, New York, NY.

## STATEMENT OF FACTS

      On July 26, 2006 the defendant was employed as a salesperson at the A&B Trading Co., located at 146 West 29th Street, New York, NY, selling to the public merchandise such as handbags. As a salesperson, the defendant worked on the first floor. On that day, federal agents arrested the defendant and two others at that location and charged them with trafficking in counterfeit goods and services in violation of 18 U.S.C.§2320.

      During the course of the arrests, Bouhari Adoyi, a co-defendant also charged in the instant indictment, purportedly consented to a search of the premises, apparently of the first floor.[1] The defendant did not consent to a search of the premises.

      The agents seized from the first floor a knapsack which belonged to the defendant. They searched the bag and seized its contents, which included U.S.

---

[1] A search warrant was obtained for the second floor.

currency, business cards, a telephone book and the defendant's driver's license which has his photograph on the face of it.

Mr. Huang is light-skinned. Mr. Adoyi is dark-skinned.

## ARGUMENT

"Although warrantless searches of private property are generally presumed to be unreasonable, the law recognizes certain exceptions, for example, when the search is conducted pursuant to the consent of an authorized person. (citations omitted)." United States v. Snype, 441 F. 3d 119, 130 (2d Cir. 2006). The burden of proof is upon the government to prove by a preponderance of the evidence, if consent was provided by a third party, that there was adequate authority to consent. United States v. Lewis, 386 F. 3d 475, 481 (2d Cir. 2004). "Common authority rests on the notion that any co-inhabitant can permit inspection in his/her own right and others, including defendant, have assumed the risk that such permission to search might occur. [United States v.] Matlock, 415 U.S. 164, 171, n. 7 (1974)." Id.

"The question with respect to a third-party authorization is whether the third party possessed 'a sufficient relationship to the searched premises to validate the search.' United States v. Trzaska, 859 F. 2d 1118, (2d Cir. 1988), cert. denied, 493 U.S. 839, 110 S.Ct.123, 107 L. Ed. 2d 84(1989)." United States v. Elliot, 50 F. 3d 180, 185 (2d Cir. 1995). Thus, "a third party's consent will validate a search of places or items in which another maintains a privacy interest if two conditions are satisfied: the third party had (1) 'access to the area searched,' and (2) either '(a) common authority over the area; or (b) a substantial interest in the area, or (c) permission to gain access [to the area].' Ehrlich v. Town of Glastenberry, 348 F. 3d 48, 53 (2d Cir. 2003) (quoting United States v. Davis, 967 F. 2d 84, 87 (2d Cir. 1992)." United States v. Snype, supra, 441 F. 3d at 136.

"Under Illinois v. Rodriguez, [497 U.S. 177, 110 S. Ct. 2793, 111 L. Ed. 2d 148 (1990)], even if the third party did not have the requisite relationship to the premises, and therefore lacked the authority to give a valid consent, official reliance on his consent may validate the search if it was reasonable for the officers to believe he had the requisite relationship. See, 497 U.S. at 179, 110 S. Ct. at

2796.  Similarly, if the search exceeded the scope of the consent given, an officer's objectively reasonable belief that the search was within the scope of that consent is sufficient to validate the search.  See Florida v. Jimeno, 500 U.S. 248, 249, 111 S. Ct. 1801, 1802, 114 L. Ed. 2d 297 (1991).  Rodriguez, however validates only searches that are based on a reasonable mistake as to the facts, not based on an erroneous legal conclusion drawn from the known facts (citations omitted)."  United States v. Elliot, supra, 50 F. 3d at 186.

However, in United States v. Snype, supra, 441 F. 3d at 136, the Court in expounding on the authority of a third party's consent to a search in which the defendant maintained a privacy interest, noted an exception where the items "obviously" belonged to another person, citing United States v. Zapata-Tamallo, 833 F. 2d 25, 27 (2d Cir. 1987) (per curiam).  In Zapata-Tamallo, an officer had earlier observed Zapata-Tamallo carrying a blue duffel bag into an apartment in which he was a guest.  That observation of the bag was insufficient to prove that the bag "obviously and exclusively" belonged to him when it was seized from under a bed pursuant to the host's consent to search.  In Snype, no officer had observed Snype carrying a knapsack and a red plastic bag which were seized from the floor of the bedroom of an apartment in which a third party was residing and who consented to a search of her residence.  The fact that Snype was arrested in the bedroom which also included various personal belongings and that the robbery under investigation had been the object of a conspiracy among several persons together raised "the possibility" that various persons in the apartment "might share" possessory interest in the items searched.  Accordingly, the Court concluded that Snype had "failed to demonstrate that any seized items so obliviously belonged exclusively to him and that the officers could not reasonably rely on [the third party's] unrestricted consent to search all items found in her home."  Id., at 137.

In the instant case, however, the defendant's driver's license, which contained his photograph on the face of it, was in his bag and unequivocally established that the bag "obviously" belonged exclusively to him, especially since he is a light-skinned Chinese male and Mr. Adoyi is a dark-skinned African male.

In addition, since the defendant's bag does not resemble a designer-type bag which is the subject of the agents' investigation, it could not have been mistaken for counterfeit designer merchandise. Accordingly, the agents could not reasonably rely on Mr. Adoyi's consent to search the first floor where the defendant's bag was located.

Dated: New York, NY            Respectfully submitted,
       February 16, 2007

                                           _____
                                           Joel M. Stein, Esq.
                                           Counsel to defendant
                                           Fuyin Huang
                                           3 New York Plaza – 10th floor
                                           New York, NY  10004
                                           (212) 344-8008