# JOEL M. STEIN, ESQ.
ATTORNEY AT LAW
39 BROADWAY
SUITE 2420
NEW YORK, NEW YORK 10006

(212) 344-8008
FAX: (212) 571-0860

Judge Richard J. Sullivan  
United States Courthouse  
500 Pearl Street  
New York, NY 10007

May 9, 2008

re: USA v. Huang, et al.  
06 CR 1006 (RJS)

BY ECF AND HAND

Dear Judge Sullivan:

The defendant Fuyin Huang submits this letter in opposition to the government's proffer, dated May 1, 2008, seeking to introduce evidence at trial purportedly "to explain the nature and existence of, and the background to the charged conspiracy." Alternatively, the government argues that the evidence is admissible, pursuant to R. 404(b), F.R.Cr.P.

The proffered evidence consists of documents[1] which purport to establish that the defendant was the "treasurer" of Tai Wing International, Inc., which did business as A&B Trading, the business from which counterfeit designer-type merchandise was sold in May, June and July 2006 as charged by the government. The proffered evidence also includes an attempt to import 312 cartons of counterfeit handbags in March, 2005[2] "worth a total of $5 million.[3] In addition, although noted in a footnote, n.1 at p.3 of U.S. letter, the government also refers to a shipment on April 28, 2006 of other counterfeit

---

[1] Although not identified in the government's letter, the document consists of a "corporate borrowing resolution," dated November 20, 2000, which is in English and contains what to an English-speaking person would constitute convoluted legal jargon, and an undated bank signature card for the Chinese American Bank.

[2] Conclusory references to Tai Wing as a "prior violator" without any specifics or evidentiary should be redacted.

[3] It is not clear whether this amount is the wholesale or retail value of the counterfeit merchandise or the value of the genuine merchandise.

## JOEL M. STEIN, ESQ.

merchandise which was delivered to a warehouse which was the location for Elite Import[4]. The license plate for the delivery truck came back to Elite Import USA Inc. The contents were then delivered to 146 West 29th Street. There is no reference to defendant Fuyin Huang having any connection to this other shipment. Finally, the government seeks to offer evidence that "on at least one occasion" before the undercover purchases charged in the instant indictment a confidential informant purchased counterfeit handbags at A&B Trading. Apparently, Fuyin Huang was not present at that time.

The government is incorrect in arguing under either theory that this proffered evidence is relevant or probative. First, the only arguable connection is by virtue of his title as "treasurer" of Tai Wing by which the government artificially attempts to impute some control or authority to the defendant. In reality, his title is a fiction because he did nothing to conduct the business affairs of Tai Wing, and there is no evidence that he did so. Rather, he was a mere salesman at A&B Trading earning $350/wk, an amount not much more than the minimum wage. The document which identifies him with his fictional title would have been incomprehensible to Fuyin Huang who does not speak English. Indeed, at the suppression hearing before Judge Karas the government stipulated that when Mr. Huang was interviewed after his arrest, the assistance of a Cantonese interpreter was required, and that whenever his counsel has spoken with Mr. Huang, he did so with the assistance of a Cantonese interpreter. Tr. 6/5/07, at pp. 100-01. The Court should also note that at each court proceeding, Mr. Huang is assisted by a Cantonese interpreter.

Second, other than by attempting to impute some veneer of authority to Mr. Huang, when, in fact, none existed, there is no connection between the two additional shipments referred to by the government and Fuyin Huang, and none is demonstrated, nor is there any connection between him and the previous purchase by an informant.

The government is also incorrect in arguing that at least as to the two additional shipments in March, 2005 and April, 2006 there is no prejudicial effect. The highest price of the counterfeit merchandise for the transactions which are charged in the

---

[4] The government's proffer omits the fact that apparently this merchandise was released after U.S. Customs decided to remit the forfeiture.

## JOEL M. STEIN, ESQ.

indictment is $15,000.00. The government's assertion as to the value of the two additional shipments in question, depending on the method of valuation (see n.3), renders the value of the two additional shipment so overwhelming in comparison as to make them seem as if the proverbial tail is wagging the dog.

The defendant Fuyin Huang also seeks in limine to offer evidence to rebut the assertion that he is the "treasurer" of Tai Wing by demonstrating that in fact he has been and is a man of very modest means and not some entrepreneur as the government suggests. Since Mr. Huang's arrival in the United States in 1997, he has no criminal record. He has been variously employed as a salesman, in construction, at a restaurant and delivering seafood. He resides with his wife, two young children and his parents in a two-bedroom apartment.

The evidence that the defendant will seek to offer will consists of tax information, employment records, photographs and pedigree information. This information is admissible pursuant to United States v. Edwardo-Franco, 885 F.2d 1002, 1008 (2d Cir. 1989), where the defendant sought to introduce evidence about his living circumstances to rebut the assertion that he was a significant narcotics trafficker ("Big-time drug dealers ordinarily do not live in one-room apartments and do cleaning and dry-wall taping for a living.").

Accordingly, for the reasons stated herein, the government's proffer of evidence to prove the charged conspiracy or as R.404(b) evidence should be rejected, and the defendant's proffer of evidence to rebut the government's assertion of defendant's purported authority as the treasurer of Tai Wing should be granted.

cc: AUSA Antonia Apps
(by fax & ECF)

Respectfully submitted,

Joel M. Stein, Esq.
Counsel for Fuyin Huang