UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA                :

       - v. -                          :

ANGELA HUANG,                           :    S2 06 Cr. 1006 (RJS)
    a/k/a "Angela Hung,"
    a/k/a "Angela Lu," and            :
FUYIN HUANG,
                            :

              Defendants.           :
- - - - - - - - - - - - - - - - - -x

## PARTIES' JOINT REQUESTS TO CHARGE

                                 MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States
    of America

ANTONIA M. APPS,
MARIA E. DOUVAS
    Assistant United States
    Attorneys - Of Counsel


STACEY VAN MALDEN
Counsel for Defendant
Angela Huang

JOEL MARK STEIN
Counsel for Defendant
Fuyin Huang

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA              :

          - v. -                      :

ANGELA HUANG,                         :    S2 06 Cr. 1006 (RJS)
     a/k/a "Angela Hung,"
     a/k/a "Angela Lu," and           :
FUYIN HUANG,
                                      :
               Defendants.
                                      :
- - - - - - - - - - - - - - - - -x


**THE PARTIES' JOINT REQUESTS TO CHARGE**

          Pursuant to Rule 30 of the Federal Rules of Criminal

Procedure, the Government and defendants Angela Huang and Fuyin

Huang jointly request that the Court give the following

instructions to the jury, unless otherwise indicated with respect

to a particular instruction.  In instances where the parties

disagree about a particular instruction, the Government's

proposed instruction, or its objection, is set forth in plain

courier font; and the defendants' proposed instruction, or their

objection, is set forth in italicized courier font.

## GOVERNMENT REQUESTS TO CHARGE BY NUMBER

**Request No.**                                                          **Page**

1.  General Requests . . . . . . . . . . . . . . . . . . . . . . 1

2.  The Indictment . . . . . . . . . . . . . . . . . . . . . . . 2

3.  Summary of the Indictment . . . . . . . . . . . . . . . . . 3

4.  Multiple Counts and Defendants . . . . . . . . . . . . . . 4

5.  Count One: Conspiracy: General Instructions . . . . . . . 5

6.  Count One: Conspiracy: Elements of the Conspiracy . . . . 7

7.  Count One: Conspiracy: First Element – Existence of the
    Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . 9

8.  Count One: Conspiracy: Second Element – Membership in the
    Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . 13

9.  Count One: Conspiracy: Third Element - Overt Act . . . . . 18

10. Count One: Conspiracy: Time of Conspiracy . . . . . . . . 20

11. Count One: Conspiracy: Liability for Acts and Declarations
    of Co-Conspirators . . . . . . . . . . . . . . . . . . . . 21

12. Count One: Conspiracy: Object of the Conspiracy –
    Overview . . . . . . . . . . . . . . . . . . . . . . . . . 23

13. Count One: Object – Trafficking in Counterfeit Goods
    (18 U.S.C. § 2320) . . . . . . . . . . . . . . . . . . . . 24

14. Count One: Object – The Elements . . . . . . . . . . . . . 25

15. Count One: Object – First Element . . . . . . . . . . . . 26

16. Count One: Object – Second Element . . . . . . . . . . . . 28

17. Count One: Object – Third Element . . . . . . . . . . . . 31

18. Count One: Venue . . . . . . . . . . . . . . . . . . . . . 34

19. Count Two: Trafficking in Counterfeit
    Goods – The Indictment . . . . . . . . . . . . . . . . . . 36

20.  Count Two: Aiding and Abetting . . . . . . . . . . . . .  37

21.  Count Two: Guilt of Substantive
     Offense – Pinkerton Charge . . . . . . . . . . . . . . .  40

22.  Count Two: Venue . . . . . . . . . . . . . . . . . . . .  43

23.  Variance in Dates and Amounts . . . . . . . . . . . . .  45

24.  Limiting Instruction: Similar Act Evidence [If
     Applicable] . . . . . . . . . . . . . . . . . . . . . .  46

25.  Character Witnesses [If Applicable] . . . . . . . . . .  48

26.  Particular Investigative Techniques Not Required
     [If Applicable] . . . . . . . . . . . . . . . . . . . .  50

27.  Uncalled Witnesses – Equally Available to Both Sides . .  51

28.  Defendant's Testimony [Requested If a Defendant
     Testifies . . . . . . . . . . . . . . . . . . . . . . .  53

29.  Defendant's Right Not to Testify [If requested by
     defense.] . . . . . . . . . . . . . . . . . . . . . . .  54

30.  Video Recordings and Transcripts . . . . . . . . . . . .  55

31.  Use of Evidence Obtained Pursuant to Search . . . . . .  57

32.  Law Enforcement and Government Employee Witnesses . . .  58

33.  The Use of An Undercover Agent . . . . . . . . . . . . .  59

34.  Persons Not on Trial . . . . . . . . . . . . . . . . . .  60

35.  Stipulations [If Applicable] . . . . . . . . . . . . . .  61

36.  Admission of Defendant . . . . . . . . . . . . . . . . .  62

37.  Consciousness of Guilt From False Exculpatory . . . . .  63

38.  Preparation of Witnesses . . . . . . . . . . . . . . . .  64

39.  Conclusion . . . . . . . . . . . . . . . . . . . . . . .  65

**REQUEST NO. 1**

**General Requests**

The parties respectfully request that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury;

b.   Evidence;

c.   Rulings on Objections and Evidence;

d.   Statements of Court and Counsel Not Evidence;

e.   Burden of Proof and Presumption of Innocence;

f.   Reasonable Doubt;

g.   Government Treated Like Any Other Party;

h.   Definitions and Examples of Direct and Circumstantial Evidence;

I.   Credibility of Witnesses;

j.   Interest in Outcome;

k.   Right to See Exhibits and Have Testimony Read During Deliberations;

l.   Punishment Is Not To Be Considered by the Jury; and

m.   Verdict of Guilt or Innocence Must be Unanimous.

## REQUEST NO. 2

## The Indictment

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.

Before you begin your deliberations, you will be provided with a copy of the Indictment containing these charges. I will first summarize the offenses charged in the Indictment. Then I will explain in detail the elements of each offense.

**REQUEST NO. 3**

**Summary of the Indictment**

The Indictment in this case contains two counts. Count One charges that, from on or about May 17, 2006, up to and including on or about July 26, 2006, ANGELA HUANG and FUYIN HUANG conspired with others to violate the federal criminal laws prohibiting the trafficking in counterfeit goods.

Count Two charges that, from on or about May 17, 2006, up to and including on or about July 26, 2006, ANGELA HUANG and FUYIN HUANG trafficked in counterfeit goods and aided and abetted the commission of that crime. In particular, Count Two charges that the defendants trafficked in counterfeit goods, knowingly using a counterfeit mark on or in connection with those goods.

3

## REQUEST NO. 4

### Multiple Counts and Defendants

As I just indicated, the Indictment contains a total of two counts.  Each count constitutes a separate offense or crime.  Both counts charge four defendants.  You must consider each count of the Indictment against each defendant separately, and you must return a separate verdict on each count and each defendant charged.

> Adapted from Sand et al., Modern Federal Jury
> Instructions, Instr. 3-8 (1999); see United
> States v. Sanzo, 673 F.2d 64 (2d Cir.), cert.
> denied, 459 U.S. 858 (1982).

4

**REQUEST NO. 5**

**Count One: Conspiracy**

**General Instructions**

Count One of the Indictment charges the defendants with participating in a conspiracy to violate the laws of the United States.  Specifically – and I am reading now from the Indictment – Count One charges that:

> [The Court is respectfully requested to read Count One of the Indictment, up to the "overt act" section.]

As I said before, the defendants are charged with having been members of a conspiracy to violate the federal laws prohibiting trafficking in counterfeit goods.

A conspiracy is a kind of criminal partnership – a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law, as charged in this Indictment, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws – such as the laws prohibiting the trafficking in counterfeit goods – which the law refers to as "substantive crimes."

Indeed, you may find a defendant guilty of the crime of conspiracy to commit an offense against the United States even

though the substantive crime which was the object of the conspiracy was not actually committed.  Moreover, you may find a defendant guilty of conspiracy despite the fact that he or she was incapable of committing the underlying substantive crimes.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.  This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from Sand et al., Modern Federal Jury Instructions, Instr. 19-2.

> See United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

6

<u>**REQUEST NO. 6**</u>

<u>**Count One: Conspiracy**</u>

<u>**Elements of Conspiracy**</u>

In order to sustain its burden of proof with respect to the charge of conspiracy contained in Count One of the Indictment, the Government must prove beyond a reasonable doubt the following three elements:

<u>First</u>, the existence of the conspiracy charged in the Indictment; in other words, that two or more people entered into an unlawful agreement or understanding to violate those provisions of the law which make it illegal to traffic in counterfeit goods.  Therefore, the first question for you is: Did the conspiracy alleged in the Indictment exist?  Was there such a conspiracy?

<u>Second</u>, the Government must prove that the defendants knowingly became a member of the conspiracy charged; that is, that each of them knowingly associated himself or herself with the conspiracy, and participated in the conspiracy.

<u>Third</u>, the Government must prove that any one of the conspirators – not necessarily any defendant, but any one of the parties involved in the conspiracy – knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy in the Southern District of New York.  I will give

7

you further instructions later concerning the boundaries of the Southern District of New York.

Now let us separately consider the three elements: First, the existence of the conspiracy; second, whether the defendant knowingly associated herself with and participated in the conspiracy; and third, whether an overt act was committed in furtherance of the conspiracy.

> Adapted from the charge given by the Honorable Robert J. Ward in United States v. Williams 97 Cr. 274 (RJW) (S.D.N.Y. 1999), and the charge given by the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from Sand, Modern Federal Jury Instructions, Instr. 19-3.

> See United States v. Maldonado-Rivera, 922 F.2d 934, 961-62 (2d Cir. 1990) (quoting district court charge setting forth three elements of conspiracy), cert. denied, 111 S. Ct. 2858 (1991), and United States v. Ciambrone, 787 F.2d 799, 810 (2d Cir. 1986) (discussing elements of conspiracy).

## REQUEST NO. 7

### Count One: Conspiracy

### First Element – Existence of the Conspiracy

Starting with the first element, what is a conspiracy? As I mentioned just a moment ago, a conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint action a criminal or unlawful purpose. In this instance, the unlawful purposes alleged to be the object of the conspiracy in Count One is the use of a counterfeit mark on and in connection with goods, and to traffic in those goods. I will explain these terms for you in a moment.

For the first element, the Government must prove beyond a reasonable doubt that two or more persons entered into the unlawful agreement charged in Count One.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law. The success of the conspiracy, or the actual commission of the criminal act which is the object of the conspiracy, is not an essential element of that crime.

The conspiracy alleged here, therefore, is an <u>agreement</u> to commit the alleged object of the conspiracy, that is: an <u>agreement</u> to commit an unlawful act. It is an entirely distinct and separate offense from the <u>actual</u> commission of the

9

crime of trafficking in counterfeit goods.

To show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details. Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding. It is rare that a conspiracy can be proved by direct evidence of an explicit agreement.

It is sufficient if two or more persons, in some way or manner, formally or informally, impliedly or tacitly come to a common understanding, a common plan that they will violate the law and accomplish an unlawful plan. In order to find that a conspiracy existed, you need only find that the defendants entered into the charged unlawful agreement with one or more other persons to traffic in counterfeit goods.

In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or manner, through any contrivance, explicitly or implicitly – that is, tacitly – came to an understanding to violate the law and to accomplish an unlawful plan.

In determining whether there has been an unlawful agreement as alleged, you may consider the acts and the conduct of the alleged co-conspirators that were done to carry out the

10

apparent criminal purpose. The old adage, "Actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, those acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

So, you must first determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy charged in Count One of the Indictment. In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator and such inferences as may be reasonably drawn from them. It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way to accomplish, by the means alleged, the alleged object of the conspiracy.

Now, when I speak of two or more persons, I do not include as potential co-conspirators any undercover law enforcement agent, or any individual acting at the direction, and with the approval, of law enforcement authorities. Their acts

are not the acts of co-conspirators since they were operating

under the direction of the Government.  Their statements are not

the statements of co-conspirators.  Actions taken or statements

made under the supervision, and with the approval, of the

Government itself are not to be considered for these purposes.

But if you find that the defendants came to an understanding –

express or implied – with each other or another person who was

not acting on behalf of law enforcement to accomplish the

unlawful plan as alleged, then the Government will have sustained

its burden of proof as to this element.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v.
> Pignatello, 96 Cr. 1032, Tr. 1552-54
> (S.D.N.Y. 1999); see United States v. Rea,
> 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order
> to prove conspiracy, the government need not
> present evidence of an explicit agreement;
> proof of a tacit understanding will suffice.
> The conspirators need not have agreed on the
> details of the conspiracy, so long as they
> have agreed on the essential nature of the
> plan, and their goals need not be congruent,
> so long as they are not at cross-purposes.")
> (citations omitted); United States v.
> Montour, 944 F.2d 1019, 1025 (2d Cir. 1991)
> ("To prove the existence of an agreement, the
> government need not present evidence of a
> formal arrangement between the co-
> conspirators.  Rather, it is sufficient if
> the government can demonstrate that the
> defendant acted together with others to
> realize a common goal.") (citations omitted).
> United States v. Rubin, 844 F.2d 979, 983-84
> (2d Cir. 1988) (discussing proof of
> agreement).

## REQUEST NO. 8

### Count One: Conspiracy

### Second Element – Membership in the Conspiracy

If you conclude that the Government has proved beyond a reasonable doubt that the conspiracy charged in the Indictment existed, then you must next determine the second question: Whether each defendant was a member of the conspiracy. To determine whether a defendant became a member of the conspiracy, you must determine not only whether he or she joined in it, but whether he or she did so with knowledge of its unlawful purpose or purposes. That is, did the defendant join in the conspiracy with an awareness of at least some of its unlawful aims and purposes?

The Government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with a criminal intent – that is, with a purpose to violate the law – and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

"Unlawfully," "Willfully" and "Knowingly" Defined

The terms "unlawfully" and "willfully" and "knowingly" are intended to ensure that if you find that the defendant did join the conspiracy, you also conclude beyond a reasonable doubt

13

that, in doing so, he or she knew what he or she was doing; in other words, that the defendant took the actions in question deliberately and voluntarily.

An act is done "knowingly" and "willfully" if it is done intentionally, deliberately and purposely; that is, the defendant's acts must have been the product of his or her conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

"Unlawfully" simply means contrary to law.  The defendant need not have known that he or she was breaking any particular law, but he or she must have been aware of the generally unlawful nature of her acts.

Now, knowledge is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you do have before you the evidence of certain acts and conversations alleged to have taken place with each of the defendants or with each of the defendants' knowledge.  The Government contends that these acts and conversations show beyond a reasonable doubt knowledge on the part of each of the defendants of the unlawful purposes of the conspiracy.

*Defendant's Objections/Proposed Language*

*The defendants contend that the acts and conversations do not prove beyond a reasonable doubt knowledge by the*

14

*defendants of the unlawful purposes of the alleged conspiracy.*

It is not necessary that a defendant be fully informed as to all the details of the conspiracy in order to justify an inference of knowledge on his part. To have guilty knowledge, a defendant need not have known the full extent or scope of the conspiracy or all of its activities or the identities of all of its participants. It is not even necessary that a defendant know every other member of the conspiracy. In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator. Nor is it necessary that a defendant receive any monetary benefit from participating in the conspiracy or have a financial stake in the outcome so long as he or she in fact participated in the conspiracy in the manner I have explained.

The duration and extent of a defendant's participation has no bearing on the issue of that defendant's guilt. A defendant need not have joined the conspiracy at the outset. A defendant may have joined it for any purpose at any time in its progress, and that defendant will still be held responsible for all that was done before the defendant joined and all that was done during the conspiracy's existence while the defendant was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In

15

fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

However, the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without participation is not sufficient.  What is necessary is that the defendant you are considering participated in the conspiracy with knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful objective.

In sum, the defendant you are considering, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative

16

proof that the person withdrew and disassociated him or herself from it.

> Adapted from the charge of the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from the charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Bello</u>, 91 Cr. 571 (MBM), <u>aff'd</u> <u>mem.</u>, 990 F.2d 622 (2d Cir. 1993), and from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3A-1 and 19-6.

> <u>See</u> <u>United States</u> v. <u>Rea</u>, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted). <u>See also</u> <u>United States</u> v. <u>Miranda-Ortiz</u>, 926 F.2d 172, 175-6 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy); <u>United States</u> v. <u>Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d Cir. 1990).

## REQUEST NO. 9

### Count One: Conspiracy

### Third Element – Overt Act

The third element is the requirement of an overt act. To sustain its burden of proof, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy by at least one of the co-conspirators in the Southern District of New York. The purpose of the overt act requirement is this: there must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.

Count One of the Indictment contains a section entitled "overt acts." These "overt acts" are examples of conduct alleged to have been undertaken by members of the conspiracy to promote the illegal objective of the conspiracy.

> [The Court is respectfully requested to read the "OVERT ACTS" section of Count One of the Indictment.]

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove the particular overt act alleged in the Indictment, nor must you find that the defendant him or herself committed an overt act. It is sufficient for the Government to show that a member of the

conspiracy knowingly committed an overt act in furtherance of the conspiracy during the life of the conspiracy.

You are further instructed that an overt act need not have been committed at precisely the time alleged in the Indictment.  It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

Let me put this colloquially.  The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.  You should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.

> Adapted from charges given by the Honorable Robert J. Ward in United States v. Williams 97 Cr. 274 (RJW) (S.D.N.Y. 1999) and by the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992) and from Sand, Modern Federal Jury Instructions, Instr. 19-8.  See United States v. Provenzano, 615 F.2d 37 (2d Cir. 1980) (discussing overt act requirement).

19

**REQUEST NO. 10**

**Count One: Conspiracy**

**Time of Conspiracy**

The Indictment charges that the conspiracy existed from at least on or about May 17, 2006, through on or about July 26, 2006.  It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates. Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around the dates set forth in the Indictment.

Moreover, it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.  The same is true for other factual contentions in the Indictment; only a substantial similarity is required.

> Adapted from the charge of the Honorable John
> F. Keenan in United States v. Carrero, 91 Cr.
> 365 (JFK) (S.D.N.Y. 1991);  Sand et al.,
> Modern Federal Jury Instructions, Instr. 3-
> 12.

20

## REQUEST NO. 11

### Count One: Conspiracy

### Liability for Acts and Declarations of Co-Conspirators

You will recall that I have admitted at this trial evidence of the acts and statements of other individuals who were not present because such acts were committed and such statements were made by a person who, the Government claims, was also a confederate or co-conspirator of the defendants.

The reason for allowing this evidence to be received against the defendants has to do in part with the nature of the crime of conspiracy. As I have said, a conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that a defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance

21

of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against the defendant.  This is so even if such acts were committed or such statements were made in the defendant's absence, and without his or her knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered by you in deciding whether the defendant is guilty or not guilty.

> Adapted from the charge of the Honorable
> Michael B. Mukasey in United States v. Salam,
> S1 98 Cr. 208 (MBM (S.D.N.Y. 1999).  See
> United States v. Mastropieri, 685 F.2d 776,
> 786-90 (2d Cir. 1982) (specifically mandating
> that juries not be invited to reconsider the
> admissibility of co-conspirator hearsay).

## REQUEST NO. 12

### Count One: Conspiracy

### Object of the Conspiracy – Overview

Now, as I mentioned, Count One of the Indictment charges a conspiracy to violate the federal criminal laws prohibiting the trafficking in counterfeit mark goods. I will now instruct you on the elements of this objective.

As I mentioned earlier, wholly apart from its inclusion as part of the conspiracy charged in Count One, the object of the conspiracy – trafficking in counterfeit goods – is also charged as a separate substantive offense. So you should bear in mind that the law relating to trafficking in counterfeit goods discussed here in connection with the conspiracy charged in Count One also applies where those acts are charged as a separate crime in Count Two. I instruct you that this is permissible. A crime may be punished for its own sake and it may also be an object of a conspiracy — which requires proof of additional elements and which Congress has elected to make a separate and distinct crime.

Thus, I will instruct you on the law that applies to the object of the conspiracy and ask you to apply the same law to the substantive count which is charged as a separate crime against the defendants.

23

## REQUEST NO. 13

## Count One – Object

## Trafficking In Counterfeit Goods (18 U.S.C. § 2320)

The object of the conspiracy charged in Count One is the trafficking in counterfeit goods, in violation of Title 18, United States Code, Section 2320.

The relevant portion of Section 2320 provides, in pertinent part:

> Whoever intentionally traffics or attempts to traffic in goods or services and knowingly uses a counterfeit mark on or in connection with such goods or services shall . . . be [guilty of a crime].

18 U.S.C. § 2320(a).

24

## REQUEST NO. 14

### Count One: Object

### The Elements

In order to prove a defendant guilty of violating this statute, the Government must prove beyond a reasonable doubt each of the following three elements of the statute:

First: that the defendant intentionally trafficked in goods or attempted to traffic in goods;

Second: that the defendant used a counterfeit mark on or in connection with those goods; and

Third: that the defendant knew that the mark was counterfeit.

> 18 U.S.C. § 2320(a); adapted from Sand,
> Modern Federal Jury Instructions, Instrs.
> 54A-2 and 54-6; see also United States v.
> Hon, 904 F.2d 803, 804-5 (2d Cir. 1990); and
> from the charge of the Honorable Robert W.
> Sweet in United States v. Perry DeFreitas, 98
> Cr. 1004 (RWS).

## REQUEST NO. 15

### Count One: Object

### First Element

In order to prove a violation of this statute, the first element that the Government must prove beyond a reasonable doubt is that the defendant trafficked in goods.

The term "traffic" means to "transport, transfer, or otherwise dispose of, to another, for purposes of commercial advantage or private financial gain, or to make, import, export, obtain control of, or possess, with intent to so transport, transfer or otherwise dispose of."

The phrase "commercial advantage or private financial gain" should be given its ordinary and natural meaning. "Commercial advantage" is a profit or gain in money or property obtained through business activity. "Private financial gain" is profit or gain in money or property specifically for a particular person or group. The Government is not required to prove that the defendant actually received some financial benefit, although you may consider evidence that the defendant did or did not receive financial benefit in deciding whether he or she acted for the purpose of achieving commercial advantage or private financial gain.

To act intentionally means to act deliberately and purposefully. That is, the Government must prove that the

26

defendant's acts were the product of a conscious objective rather

than the product of mistake or accident.

> 18 U.S.C. § 2320(e)(2), (3); adapted from
> Sand, Modern Federal Jury Instructions,
> Instr. 54A-3; see also United States v. Hon,
> 904 F.2d 803, 804-5 (2d Cir. 1990)1990); and
> from the charge of the Honorable Robert W.
> Sweet in United States v. Perry DeFreitas, 98
> Cr. 1004 (RWS).

**REQUEST NO. 16**

**Count One: Object**

**Second Element**

The second element that the Government must prove beyond a reasonable doubt is that the defendant used a counterfeit mark in connection with those goods.

A "mark" is a word, name, symbol, or device, or any combination thereof, used to identify and distinguish goods or services and to indicate their source. A mark used on or in the sale of goods is known as a trademark.

To satisfy this element, the government must prove that the genuine trademark was both registered with the United States Patent and Trademark Office and was actually being used by the holder of the mark – in this case, Coach, Burberry, Christian Dior, and Louis Vuitton – at the time alleged in the Indictment, and that the defendant used a counterfeit mark on the goods in which he or she was trafficking.

A certificate of registration from the United States Patent and Trademark Office is prima facie evidence of the validity of the registered mark, of the ownership of the mark, and of the owner's exclusive right to use the registered mark.

A "counterfeit mark" is defined as a mark that is identical with or substantially indistinguishable from the registered mark, the use of which is likely to cause confusion,

28

or cause mistake, or to deceive.  However, small variations or embellishments do not preclude liability – a mark need not be absolutely identical to a registered trademark in order to be considered counterfeit.  The marks which appeared on the handbags in this case are counterfeit if the Government established that they incorporated, in substantially indistinguishable form, the genuine, registered trademarks of Coach, Burberry, Christian Dior, and Louis Vuitton.

In order to prove that the marks which appeared on the handbags are likely to cause confusion, mistake, or to deceive, the government does not have to prove that the direct purchasers of the handbags – in this case the undercover agents – were confused or mistaken or deceived when they bought the handbags from the defendants.  It is enough if the Government proves that an average consumer would have been confused, mistaken, or deceived into believing that the product was made by the genuine owner of the trademark if that consumer encountered the allegedly counterfeit product.  In other words, to assess likelihood of confusion, you can consider the potential for confusion, mistake, or deception among purchasers and potential purchasers of counterfeit or authentic handbags, as well as among persons who have no intention of purchasing a handbag, such as the recipient of a gift or someone who simply saw it in the possession of someone else.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instrs. 54A-4; <u>see also</u> <u>United States</u> v. <u>Hon</u>, 904 F.2d 803, 805 (2d Cir. 1990); <u>United States</u> v. <u>Gantos</u>, 817 F.2d 41 (8th Cir. 1987); <u>United States</u> v. <u>Yamin</u>, 868 F.2d 130 (5th Cir. 1989); <u>United States</u> v. <u>Brooks</u>, 111 F.3d 364 (4th Cir. 1997); <u>United States</u> v. <u>Hanafy</u>, 302 F.3d 485 (5th Cir. 2002); <u>United States</u> v. <u>Torkington</u>, 812 F.2d 1347 (11th Cir. 1987); and from the charge of the Honorable Robert W. Sweet in <u>United States</u> v. <u>Perry DeFreitas</u>, 98 Cr. 1004 (RWS).

### REQUEST NO. 17

### Count One: Object

### Third Element

The third element that the Government must establish beyond a reasonable doubt is that the defendant knew that the mark was counterfeit.  To establish this element, the Government must prove that the defendant knew that the mark was counterfeit. However, the Government is not required to prove that the defendant knew that the mark was registered with the United States Patent and Trademark office.

The element of knowledge may be satisfied by inferences drawn from the proof that the defendant you are considering deliberately closed his or her eyes to what would otherwise be obvious to him or her.  It is not enough for the Government to establish that the defendant was careless, negligent, or foolish. However, one may not wilfully and intentionally remain ignorant of a fact material and important to his or her conduct in order to escape the consequences of criminal law.  Thus, if you find beyond a reasonable doubt that the defendant that you are considering was aware that the handbags sold by them bore counterfeit marks, btu that the defendant deliberately and consciously avoided confirming this fact, that you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed

31

that the mark was not counterfeit.

In other words, if the Government proves that a defendant was aware of the high probability that the mark on the handbags was counterfeit, but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge that the marks on the handbags sold by the defendants were counterfeit.  Putting it differently, your decision as to whether or not the defendants knowingly used a counterfeit mark involves a decision about the defendants' state of mind.  It is obviously impossible to prove directly the operation of a defendant's state of mind.  But a wise and intelligent consideration of all the facts and circumstances shown by the evidence and the exhibits and so on will enable you to infer what the defendant's state of mind was.  In everyday affairs, we continuously call upon ourselves to decide from the actions of other people what their state of mind is.

> Adapted from the charge of the Honorable Robert W. Sweet in United States v. Perry DeFreitas, 98 Cr. 1004 (RWS).
>
> "A conscious avoidance charge is appropriate when the defendant claims a lack of knowledge of the relevant acts [sic], but the surrounding circumstances would permit a reasonable juror to conclude that the defendant should have known about them." United States v. Brito, 907 F.2d 392, 396 (2d Cir. 1990).  See United States v. Rodriguez, 983 F.2d 455, 457-58 (2d Cir. 1993) (clarifying when charge is appropriate:

"[T]he charge is warranted only if the evidence is such that a rational juror may reach that conclusion beyond a reasonable doubt"). <u>See</u> <u>also</u> <u>United States</u> v. <u>Reyes</u>, 302 F.3d 48, 54-55 (2d Cir. 2002); <u>United States</u> v. <u>Tropeano</u>, 252 F.3d 653, 660 (2d Cir. 2001); <u>United States</u> v. <u>Lanza</u>, 790 F.2d 1015, 1022 (2d Cir.) (same), <u>cert. denied</u>, 479 U.S. 861 (1986); <u>United States</u> v. <u>Guzman</u>, 754 F.2d 482, 489 (2d Cir. 1985) (same), <u>cert. denied</u>, 474 U.S. 1054 (1986).

### <u>*Defendant's Objections/Proposed Language*</u>

*With regard to Request No. 17, the defendants object to the conscious avoidance language (which starts with the second paragraph of the request) on the alleged ground that there is no evidentiary basis for the instruction.*

33

## REQUEST NO. 18

### Count One

### Venue

In addition to all of the elements I have described for you in Count One of the Indictment, you must also decide whether any act in furtherance of each of the crimes charged occurred within the Southern District of New York.  This means that you must decide whether the crime charged or any act committed to further or promote the crime, occurred within the Southern District of New York.

The Government need not prove that the crime was itself committed in the Southern District of New York or that the defendant was herself present here.  It is sufficient if any act in furtherance of the crime occurred within this District.

In this regard, I instruct you that the Southern District of New York includes all of Manhattan, the Bronx, and Westchester.

I should note that on this issue – and this issue alone – the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  That means that the evidence shows it is more likely than not that something occurred.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the crime charged or any act in furtherance of the crime occurred

34

in the Southern District of New York.

If, on the other hand, you find that the Government has
failed to prove this venue requirement by a preponderance of the
evidence, then you must acquit the defendant of that charge.

> Adapted from the charge of the Honorable
> Charles S. Haight, Jr. in United States v.
> Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991)
> (wire fraud), and from Sand et al., Modern
> Federal Jury Instructions, Instr. 3-11; see
> 18 U.S.C. § 3237 (general venue provision for
> offenses committed in more than one
> district). See also United States v.
> Naranjo, 14 F.3d 145, 147 (2d Cir. 1994)
> ("[P]hone calls from one district into
> another can establish venue in the latter
> district so long as they further the ends of
> the conspiracy."); United States v. Gonzalez,
> 922 F.2d 1044, 1054-55 (2d Cir. 1991)
> (affirming that venue is governed by a
> preponderance standard).

## REQUEST NO. 19

### Count Two

### Trafficking in Counterfeit Goods – The Indictment

I now will leave my instructions regarding conspiracy to give you instructions regarding Count Two, which is the substantive count of trafficking in counterfeit goods.

As I said, Count Two is a separate substantive count that, like the object of the conspiracy I have just described in connection with Count One, also charges trafficking in counterfeit goods. You should apply the same instructions to the substantive charge of trafficking of counterfeit goods in Count Two as you did with respect to the corresponding conspiracy to commit the trafficking in counterfeit goods instructions.

Specifically, Count Two of the Indictment charges defendants ANGELA HUANG and FUYIN HUANG with trafficking in goods and knowingly using a counterfeit mark in connection with such goods and with aiding and abetting the commission of that crime.

Count Two reads as follows:

[*The Court is respectfully requested to read Count Two of the Indictment.*]

36

**REQUEST NO. 20**

**Count Two**

**Aiding and Abetting**

Now, with respect to Count Two, the substantive count, I also want to instruct you on what is called "aiding and abetting."  The aiding and abetting statute, Section 2(a) of Title 18 of the United States Code, provides that:

> "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendants physically committed the crime with which they are charged in order for you to find the defendants guilty.  Thus, if you do not find beyond a reasonable doubt that a particular defendant himself or herself committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he or she committed it himself or herself.  Accordingly, you may find a defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

37

As you can see, the first requirement is that another person must have committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself or herself in some way with the crime, and that he or she willfully and knowingly sought by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant

aided or abetted the commission of the crime with which he or she is charged, ask yourself these questions:

> -- Did the defendant participate in the crime charged as something he or she wished to bring about?
>
> -- Did the defendant associate himself or herself with the criminal venture knowingly and willfully?
>
> -- Did the defendant seek by his or her actions to make the criminal venture succeed?

If the defendant did, then he or she is an aider and abettor, and therefore guilty of the offense. If he or she did not, then the defendant is not an aider and abettor, and is not guilty of that offense.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 11-1 and 11-2; and from the charge approved in <u>United States</u> v. <u>Stanchich</u>, 550 F.2d 1294 (2d Cir. 1977). <u>See also</u> <u>United States</u> v. <u>Labat</u>, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); <u>United States</u> v. <u>Clemente</u>, 640 F.2d 1069 (2d Cir. 1981).

**REQUEST NO. 21**

**Count Two**

**Guilt of Substantive Offense – Pinkerton Charge**

With respect to the substantive count in Count Two of the Indictment, there is another method by which you may evaluate the possible guilt of the defendant on the substantive counts with which she is charged, even if you do not find that the Government has otherwise satisfied its burden of proof with respect to each element of the substantive crime.

If, in light of my instructions, you find, beyond a reasonable doubt, that a defendant was a member of the conspiracy charged in Count One and thus, guilty on that conspiracy count, then you may also, but you are not required to, find the defendant guilty of the substantive crime with which he or she is charged relating to that conspiracy, provided you find each of the following elements beyond a reasonable doubt:

First, that the crime charged in the substantive count was committed;

Second, that the person or persons you find actually committed the crime were members of the conspiracy charged in Count One that you found existed;

Third, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

40

Fourth, that the defendant was a member of that conspiracy charged in Count One at the time the substantive crime was committed; and

Fifth, that the defendant could have reasonably foreseen that the substantive crime might be committed by his or her co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of the substantive crime charged against him or her, even though he or she did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the substantive crime, unless the Government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, the substantive crime charged.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 19-13.

[A Pinkerton charge (Pinkerton v. United

41

States, 328 U.S. 640, 645 (1946)) "permits a jury to find a defendant guilty on a substantive count without specific evidence that he committed the act charged if it is clear that the offense had been committed, that it had been committed in the furtherance of an unlawful conspiracy, and that the defendant was a member of that conspiracy." United States v. Miley, 513 F.2d 1191, 1208 (2d Cir. 1975), quoted in United States v. Harwood, Dkt. No. 92-1471, slip op. 4451, 4468-69 (2d Cir. July 1, 1993).]

[Whether to give Pinkerton charge is in the discretion of the district court.  Although this charge "should not be given as a matter of course," United States v. Sperling, 506 F.2d 1323, 1341 (2d Cir. 1974) (holding that it was error to give charge where evidence of conspiracy was weak, because of danger that jury would infer conspiracy from the existence of many substantive crimes), cert. denied, 420 U.S. 962 (1975), it is entirely proper where evidence of conspiracy is otherwise sufficient.  See United States v. Harwood, supra, slip op. at 4469-70 (Pinkerton charge proper where evidence of conspiracy was sufficient, and where judge "properly instructed jury to consider the substantive count only after it first found that a conspiracy existed between the defendants.")].

42

**REQUEST NO. 22**

**Count Two**

**Venue**

In addition to the elements I have already described, you must also decide with respect to the substantive count of the Indictment whether any act in furtherance of the crime occurred within the Southern District of New York. As I instructed you earlier, the Southern District of New York includes Manhattan, the Bronx and Westchester.

In this regard, the Government need not prove that the defendant took any action in this district or that the defendant was present here. Rather, venue is appropriate in this district if any part of the crime took place here. Venue is proper in any district where the crime is begun, continued or completed. Thus, if the Government proves, for example, that the defendant trafficked in counterfeit goods in the Southern District of New York, or caused others to do so, in furtherance of the crime charged, then this element of the charges will have been satisfied.

I should note that on this issue – and this issue alone – the Government, as with Count One, need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that

43

any act in furtherance of the crimes charged occurred in this

District, such as if a charged mailing or wire communication

began in, moved through, or ended up in this district.

If you find that the Government has failed to prove

this venue requirement, then you must acquit the defendant of

this charge.

> Adapted from the charge of the Honorable
> Charles S. Haight, Jr. in <u>United</u> <u>States</u> v.
> <u>Rogers</u>, 90 Cr. 377 (CSH) (S.D.N.Y. 1991), and
> from Sand <u>et</u> <u>al</u>., <u>Modern</u> <u>Federal</u> <u>Jury</u>
> <u>Instructions</u>, Instr. 3-11.
>
> <u>See</u> 18 U.S.C. § 3237 (general venue provision
> for offenses beginning in one district and
> ending in another), and <u>United</u> <u>States</u> v.
> <u>Goldberg</u>, 830 F.2d 459, 465 (3d Cir. 1987)
> (venue in wire fraud cases "is proper in any
> district in which the offenses were begun,
> continued or completed"; accordingly, venue
> existed in district where wire transmission
> merely passed through). <u>See also</u> <u>United</u>
> <u>States</u> v. <u>Kim</u>, 246 F.3d 186, 191-93 (2d Cir.
> 2001).
>
> <u>See</u> <u>also</u> <u>United States</u> v. <u>Gonzalez</u>, 922 F.2d
> 1044, 1054-55 (2d Cir. 1991) (affirming that
> venue is governed by a preponderance
> standard).

## REQUEST NO. 23

## Variance in Dates and Amounts

As we have proceeded through the Indictment, you have noticed that it refers to various dates and amounts. It does not matter if the Indictment provides that specific conduct is alleged to have occurred on or about a certain date and the evidence indicates that in fact it was on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence. Similarly, if the Indictment charges that certain monetary amounts were involved, and the testimony or exhibits indicate that in fact different amounts were involved, it is sufficient if you find that the amounts involved are substantially similar to the amounts as alleged in the Indictment.

Sand, Modern Federal Jury Instructions,
Instr. 3-12, 3-13.

45

**REQUEST NO. 24**

**Limiting Instruction – Similar Act Evidence**

**[If Applicable]**

Any evidence concerning acts not alleged in the Indictment may be considered by you only as it bears upon a defendant's intent, knowledge, motive, opportunity, absence of mistake or accident, as to the acts that are alleged in the Indictment.

Let me remind you that the defendants are not on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider evidence of any similar acts as a substitute for proof that a defendant committed the crimes charged. Nor may you consider this evidence as proof that a defendant has a criminal personality or bad character. The evidence of the other, similar acts has been admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that a defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, that defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reason.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this

46

evidence to conclude that because a defendant committed the other act or acts, he must also have committed the acts charged in the Indictment.

> Adapted from charge of Judge Martin in <u>United States v. Lawless</u>, S2 96 Cr. 522 (JSM) (S.D.N.Y. May 14, 1997), Tr. 347; from the charge of Judge Sotomayor in <u>United States v. Lugo</u>, S2 96 Cr. 521 (SS) (April 10, 1997), Tr. 556-557; <u>see</u> Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-25.

## REQUEST NO. 25

## Character Witnesses

## (If Applicable)

During the course of this trial, there has been testimony that **[NAME OF DEFENDANT]** has a reputation for honesty and integrity in his community.  That testimony bears on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that she previously enjoyed a reputation of good character does not justify or excuse the offense, and you should not acquit the defendant merely because you believe she is a person of good repute.

> Adapted from the charge in United States v. Fayette, 388 F.2d 728, 737 (2d Cir. 1968); United States v. Kelly, 349 F.2d 720, 765 (2d Cir.); United States v. Kabot, 295 F.2d 848, 855 n.1 (2d Cir. 1961); see Michelson v. United States, 335 U.S. 469 (1948).

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of the defendant.  **[If applicable:  Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.]**  The guilt or innocence of the

48

defendant is for you alone to determine and that should be based
on all the evidence you have heard in the case.

> Adapted from the charges of the Honorable
> Robert J. Ward in <u>United States</u> v. <u>Thweatt</u>,
> 77 Cr. 553, Tr. 2357-58 (S.D.N.Y. 10/17/77)
> <u>aff'd</u>, mem. dec. (2d Cir. 3/22/78).

> A defendant is not entitled to a charge that
> character evidence "standing alone" is enough
> for acquittal. <u>United States</u> v. <u>Pujana-Mena</u>,
> <u>supra</u>, 949 F.2d at 27-31 (strongly
> criticizing such charges as "potentially
> misleading and confusing"). The Second
> Circuit notes that "[I]t might be helpful in
> some cases to instruct the jury as to the
> purpose or purposes for which [character
> evidence] is admitted. Character evidence is
> admissible principally to show that, because
> of his or her good reputation, the defendant
> is less likely to have committed the charged
> crime. In cases where the defendant
> testifies, character evidence may also be
> used by the jury to help it determine whether
> the defendant was truthful on the stand."
> <u>Id</u>. at 30 (citations omitted).

## REQUEST NO. 26

## <u>Particular Investigative Techniques Not Required</u>
### (If Applicable)

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from the charge of the Honorable
> Leonard B. Sand in <u>United States</u> v.
> <u>Pignatiello</u>, 96 Cr. 1032, Tr. 1032 (S.D.N.Y.
> 1999) and from the charge of the Honorable
> Pierre N. Leval in <u>United States</u> v.
> <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992),
> and from the charge of Judge John F. Keenan
> in <u>United States</u> v. <u>Medina</u>, 91 Cr. 894 (JFK)
> (S.D.N.Y. 1992).

## REQUEST NO. 27

## Uncalled Witnesses – Equally Available To Both Sides
### (If Applicable)

The Government and the defendants have the same power to subpoena witnesses to testify on their behalf.  If a potential witness could have been called by the Government or by the defendant that you are considering and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government or to the defendant or to both.

On the other hand, it is equally within your province to draw no inference at all from the failure of any party to call a witness.

You should remember that there is no duty on any party to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

You should also remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v.
> Pignatiello, 96 Cr. 1032, Tr. 1625 (S.D.N.Y.
> 1999) and the charge of the Honorable Kenneth
> Conboy in United States v. Lew, 91 Cr. 361
> (KC) (S.D.N.Y. 1991) and from Sand, Modern
> Federal Jury Instructions, Instr. 6-7.  See
> generally United States v. Erb, 543 F.2d 438,
> 444 (2d Cir. 1976) (discussing propriety of

missing witness charges).

"[W]hen a witness is equally available to both sides, 'the failure to produce is <u>open</u> to an inference <u>against</u> <u>both</u> <u>parties</u>.' No instruction is necessary where the unpresented testimony would be merely cumulative." <u>United</u> <u>States</u> v. <u>Torres</u>, 845 F.2d 1165, 1169 (2d Cir. 1988) (citations omitted) (emphasis in original). <u>See</u> <u>also</u> <u>United</u> <u>States</u> v. <u>Nichols</u>, 912 F.2d 598, 601 (2d Cir. 1990) (whether to give charge is committed to discretion of trial judge; generally discussing applicable standards).

## REQUEST NO. 28

## Defendant's Testimony
### (Requested If A Defendant Testifies)

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and a defendant is presumed innocent.  In this case, **[NAME OF DEFENDANT]** did testify and he/she was subject to cross-examination like any other witness. You should examine and evaluate his/her testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Specifically approved by United States v. Gaines, 457 F.3d 238, 249 n.9 (2d Cir. 2006).

53

## REQUEST NO. 29

## Defendant's Right Not To Testify
### (If Requested)

**[NAME OF DEFENDANT]** did not testify in this case.
Under our Constitution, a defendant has no obligation to testify
or to present any evidence, because it is the Government's burden
to prove a defendant guilty beyond a reasonable doubt.  That
burden remains with the Government throughout the entire trial
and never shifts to a defendant.  A defendant is never required
to prove that he/she is innocent.

You may not attach any significance to the fact that
defendant did not testify.  No adverse inference against him/her
may be drawn by you because she did not take the witness stand.
You may not consider this against the defendant in any way in
your deliberations in the jury room.

> Adapted from Sand et al., Modern Federal Jury
> Instructions, Instr. 5-21, and from the
> charge of the Honorable Leonard B. Sand in
> United States v. Pignatiello, 96 Cr. 1032,
> Tr. 1621 (S.D.N.Y. 1999)

54

## REQUEST NO. 30

## Video Recordings and Transcripts

The Government **[*If applicable*: and the defense]** has offered evidence in the form of audio and video recorded conversations.  I instruct you that all of these recordings were made in a lawful manner, that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

Thus, regardless of any personal opinions, you must give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the guilt of the defendant of the defendant that you are considering beyond a reasonable doubt.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Pignatiello, 96 Cr. 1032, Tr. 1626 (S.D.N.Y. 1999) and the charge of the Honorable Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); and the charge of the Honorable Morris E. Lasker in United States v. Hilliard, 82 Cr. 143, Tr. 1873-79, aff'd, 701 F.2d 1052 (2d Cir.); United States v. Bonnano, 487 F. 2d 654 (2d Cir. 1973); United States v. Horton, 601 F.2d 319 (7th Cir.); United States v. Rich, 518 F.2d 980 (8th Cir, 1976).

In connection with these audio recordings, the Government **[*If applicable*: and the defense]** has been permitted to hand out transcripts of the conversations contained on the recordings.  Those transcripts were given to you as aids – or guides – in listening to the tapes.  However, they are not in and

55

of themselves evidence.  The tapes are in evidence, and the transcripts are only for your assistance.  Therefore, when the tape was played, I advised you to listen very carefully to the tape itself.  You alone should make your own interpretation of what appears on the tape based on what you heard.  If you think you heard something different than what appeared on the transcript, then what you heard is controlling.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Pignatiello, 96 Cr. 1032, Tr. 1626-27 (S.D.N.Y. 1999); see also United States v. Llinas, 603 F.2d 506, 508-09 (5th Cir. 1979); United States v. Vasquez, 605 F.2d 1269, 1272 & n.4 (2d Cir. 1979).

## REQUEST NO. 31

### Use Of Evidence Obtained Pursuant To Search

You have heard testimony about evidence seized in searches. Evidence obtained from the searches was properly admitted in this case, and may be properly considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's seizure of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the guilt of the defendants beyond a reasonable doubt.

> Adapted from the charges of Judge Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992) and in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); and from Sand, Modern Federal Jury Instructions, Instr. 5-11.

## REQUEST NO. 32

### Law Enforcement and Government Employee Witnesses

You have heard the testimony of law enforcement officials and of employees of the Government. The fact that a witness may be employed by the Federal Government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 7-16.
>
> See United States v. Ouimette, 798 F.2d 47, 49 (2d Cir. 1986) (as a general rule, "it is inappropriate to charge that police officers testifying at trial are specially interested in the outcome of a case"), cert. denied, 488 U.S. 863 (1988).

## REQUEST NO. 33

### The Use of an Undercover Agent

Now, there has been testimony before you with respect to the use of undercover agents in general, and the use of undercover agent, Special Agent Anwar Shanahan, in this case. Undercover agents are frequently used by the Government to obtain leads and to gain access to persons suspected of violating the law. There are certain types of crimes where, without the use of undercover agents, detection would be extremely difficult. Because this law enforcement technique is entirely lawful, your personal view on its use--whether you approve or disapprove--is beside the point, and must not affect your evaluation of the evidence in this case.

Let me put it another way. If you are satisfied beyond a reasonable doubt that the defendant that you are considering committed the offenses charged in the Indictment, you should find the defendant guilty even though you believe that her apprehension came about in some measure by the Government's use of an undercover agent.

Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991); from Sand et al., Modern Federal Jury Instructions, Instr. 5-23; and from the charge of the Honorable Leonard B. Sand in United States v. Pignatiello, 96 Cr. 1032, Tr. 1538 (S.D.N.Y. 1999).

## REQUEST NO. 34

## Persons Not On Trial
### (If Applicable)

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, towards the Government or the defendants, from the fact that such persons were not named as defendants in the Indictment.  Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the Grand Jury.  Therefore, you may not consider it in any way in reaching your verdict as to the four defendants on trial. Your task is limited to considering the charges contained in the Indictment and the four defendants before you.

Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 3-4.

**REQUEST NO. 35**

**Stipulations**
**(If Applicable)**

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect to be given that testimony.

You also heard evidence in the form of stipulations of fact. These are stipulations that set forth facts that the parties agreed were true. In such cases, you must accept those facts as true.

Adapted from the charge of Judge Pierre N.
Leval in United States v. Mucciante, 91 Cr.
403 (PNL) (S.D.N.Y. 1992); from Sand et al.,
Modern Federal Jury Instructions, Instr. 5-6
& 5-7; and from the charge of the Honorable
Leonard B. Sand in United States v.
Pignatiello, 96 Cr. 1032, Tr. 1531-32
(S.D.N.Y. 1999)

## REQUEST NO. 36

## Admission of Defendant

There has been evidence that defendant FUYIN HUANG made statements to law enforcement agents.

In deciding what weight to give a defendant's statement, you should first examine with great care whether the statement was made and whether, in fact, it was voluntarily and understandingly made.  I instruct you that you are to give the statement such weight as you feel it deserves in light of all the evidence.

Adapted from Sand  et al., Modern Federal
Jury Instructions, Instr. 5-19.

## REQUEST NO. 37

### Consciousness of Guilt From False Exculpatory

You have heard testimony that defendant FUYIN HUANG made statements to law enforcement in which he denied knowing that the goods were counterfeit and denied ever seeing the photo album containing the pictures of the counterfeit handbags.  The Government claims that these statements are false.  If you find that the defendant gave a false statement in order to divert suspicion from himself, you may, but are not required, to infer that the defendant believed he was guilty.  You may not, however, on the basis of a false statement alone, infer that the defendant is, in fact, guilty of the crimes for which he is charged.  Whether or not the evidence as to a defendant's statement shows the defendant believed he was guilty, and the significance, if any, to be attached to such evidence are matters for you, the jury, to decide.

> Adapted from the charge given by the
> Honorable Kenneth M. Karas in *United States*
> v. *Roberto Montgomery*, S4 05 Cr. 1067 (KMK)
> (S.D.N.Y. 2007).

### *Defendant's Objections/Proposed Language*

*The defendant objects to the entirety of this request.*

### REQUEST NO. 38

### Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adopted from the charge of Judge Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

## REQUEST NO. 39

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of each defendant with respect to the crimes charged in the Indictment.

You must base your verdict solely on the basis of the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty as jurors, however, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges--judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

All notes from the jury should be signed by the foreperson.  If your recollection on any part of the testimony should fail, and would like it re-read to you, or you should find yourselves in doubt concerning my instructions to you on the law, you should simply write a note, knock on the door, and hand it to the marshal.

Now, in the course of writing to the court, you should not disclose how you stand or what your vote on any issue may be.  In other words, sometimes the jurors send in a note which indicates how they are divided in their votes.  Please do not do that.  That is a matter for you and for you alone, and so I ask that you not disclose that information in any note to the Court.

In conclusion, Ladies and Gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

Adapted from the charge of the Honorable
Arnold Bauman in United States v. Soldaro, 73
Cr. 167, Tr. 2502-03 (S.D.N.Y. 1973). See
also United States v. Corr, 75 Cr. 803, Tr.
5425-26 (S.D.N.Y.), aff'd, 543 F.2d 1042 (2d
Cir. 1970).

Date:    New York, New York
         May 13, 2008

                    Respectfully submitted,

                    MICHAEL J. GARCIA
                    United States Attorney

              By:   _____/s/ Antonia M. Apps_____
                    ANTONIA M. APPS
                    MARIA E. DOUVAS
                    Assistant United States Attorneys
                    Tel. (212) 637-2198/2327

**CERTIFICATE OF SERVICE**

ANTONIA M. APPS declares as follows:

I am an Assistant United States Attorney in the United States Attorney's Office, Southern District of New York.

On in or about May 13, 2008, I made a copy of the Parties' Joint Requests to Charge available for pick-up at the United States Attorney's Office for the individual listed below:

Stacy Van Malden, Esq.

Joel M. Stein, Esq.


I declare under penalty of perjury that the foregoing is true and correct.

Dated:    New York, New York
          May 13, 2008


                    /s/ Antonia M. Apps
                    ANTONIA M. APPS

68